```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Teresa Lopez, on behalf of herself
and all others similarly situated,
et al.

                          Plaintiffs,        CV-98-7204
                                             (CPS)(MDG)

     - against -
                                             MEMORANDUM OPINION
Delta Funding Corporation, Delta             AND ORDER
Financial Corporation, All State
Consultants, Inc., a/k/a City
Mortgage Bankers, Doe Corporations
1 through X, Delta Funding Home
Equity Loan Trust, Bankers Trust
Company of California, N.A., as
trustee for Delta Funding Home
Equity Loan Trust, and Norwest Bank
Minnesota, National Association,
also as trustee for the Delta
Funding Home Equity Loan Trust,

                          Defendants.

-------------------------------------X
```

SIFTON, Senior Judge.

Plaintiffs Teresa Lopez, Wilfred Loney, James Robinson, Bertha Clinton, Mary Young, Juanita Edwards, Virgina Williams and Murray Low (collectively "Named Plaintiffs") commenced this class action to challenge the lending practices of, among others, defendants Delta Funding Corporation ("Delta Funding") and Delta Financial Corporation ("Delta Financial") (collectively "Delta Defendants"). On March 19, 2007, Named Plaintiffs and the Delta Defendants entered into an amended settlement agreement ("Settlement Agreement") and plaintiffs subsequently filed a

-2-

Motion for Preliminary Approval of Settlement As Amended ("Pending Motion").  While this motion was pending, the Delta Defendants, on December 20, 2007, filed a "Suggestion of Bankruptcy," in which they advised the parties and the Court of the filing of their respective voluntary bankruptcy petitions and the applicability of the automatic stay provision of 11 U.S.C. § 362(a)[1] to the proceedings against the Delta Defendants before this Court.

This Court held a status conference on January 16, 2008, to determine the effect, if any, of the automatic stay on the Pending Motion.  Though no parties, in response to queries from the Court, took the position that the automatic stay barred the Court from issuing a decision on the Pending Motion, a review of the authorities suggests that it does.

"When litigation is pending against the debtor at the time a bankruptcy case is commenced, the litigation is stayed automatically . . . In addition, if the nonbankruptcy court

---

[1] 11 U.S.C. § 362(a)(1) provides:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . .

-3-

continues the action or enters a judgment notwithstanding the imposition of the automatic stay, the action or judgment should be considered ineffective against the debtor."  3-362 Collier on Bankruptcy-15th Edition Rev. P 362.03[3].  Indeed, "any proceedings or actions described in section 362(a)(1) are void and without vitality if they occur after the automatic stay takes effect."  *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994).

This rule includes most post-petition judicial action.  While ministerial court actions are excepted, *Rexnord Holdings*, 21 F.3d at 527 (entry of judgment by clerk "So-Ordered" prior to petition is not continuation of judicial proceeding under § 362(a)(1)), the issuance of a decision by a judge or similar officer is clearly prohibited, and therefore, void.  *In re Best Payphones, Inc.*, 279 B.R. 92, 97-98 (Bankr. S.D.N.Y. 2002) (citing cases).  Accordingly, courts will not rule on motions, even if they have been fully submitted, while the § 362 automatic stay is in effect.  *See, e.g., HSBC Gibbs Ltd. v. Cindy Royce Creations, Inc.*, 1997 WL 91038 (S.D.N.Y. Mar. 4, 1997) (refusing to rule on fully submitted motion for summary judgment following defendants' filing of bankruptcy petitions); *Bldg. Serv. 32B-J Pension Fund v. Vanderveer Ests. Holding*, 2002 WL 31133392, at *1 (S.D.N.Y. Sept. 26, 2002) (vacating order enforcing settlement in plaintiff's favor, as defendant had filed bankruptcy petition one

-4-

month before order had been entered); *see also Ellison v. Northwest Engineering Co.*, 707 F.2d 1310, 1311 (11th Cir. 1983) (refusing to rule on fully submitted and argued appeal due to § 362 automatic stay).  Accordingly, I stay my decision on the Pending Motion.[2]

## Conclusion

For the reasons set forth above, the automatic stay applicable to the Delta Defendants precludes my issuing a decision on the Pending Motion.  Any party may, of course, seek relief from the stay in the bankruptcy court pursuant to 11 U.S.C. § 362(d).

SO ORDERED.

Dated :   Brooklyn, New York
          January 18, 2008

                    By:  /s/ Charles P. Sifton (electronically signed)
                              United States District Judge

---

[2] While there are other defendants in this case who have not filed bankruptcy petitions, the Settlement Agreement was entered into between only the plaintiffs and the Delta Defendants.